PER CURIAM.
The recent decision in United States v. Leon, 468 U.S. -, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), renders it unnecessary for us to pass on the merits of appellant’s technical attack on the validity of the search warrant executed in this case. We find that there was sufficient evidence of appellant’s conviction for possession of the marijuana found under the bed and in the dresser drawer. However, appellant’s conviction for possession of drug paraphernalia cannot stand because there was no proof that the scales found in the bedroom closet had been used in violation of law. Cf. Preston v. State, 373 So.2d 451 (Fla. 2d DCA 1979), cert. denied, 383 So.2d 1203 (Fla.1980) (possession of tools of ordinary use does not constitute possession of burglary tools without proof that the tools *358 were used to commit or to attempt to commit a burglary).
Appellant’s convictions for possession of cannabis and obstructing the service of a search warrant are affirmed. His conviction for the possession of drug paraphernalia is reversed.
GRIMES, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.